## DAVID TRAIN'S ADMINISTRATRIX v. ELIAS CONWELL'S EXECUTORS.

Supreme Court. Sussex. November 6, 1793.

*Bayard's Notebook, 4.**

*Read* and *Bayard* for plaintiff. *Wilson* and *Peery* for defendants.

Upon the trial of the issue before the Court the plaintiff's counsel produced the docket of the Court of Common Pleas, containing the following entry:

Amicable action in debt.

George Conwell one of the said executors, appears and confesses judgment for £470, the sum in the bond mentioned with costs of suit and release of errors by *N. S. I.* and *N. D.*

Defendants' counsel contended that this record did not maintain the issue. The *scire facias* recites a judgment against three executors; and the record produced is a good judgment only against one. One executor cannot confess judgment against the others. And upon this principle if one give a warrant of attor-

---

* This case is also reported in *Wilson's Red Book, 8; Miller's Notebook, 46; Read's Notebook, 7.*

ney to confess judgment against the others and judgment is confessed thereupon, the Court will set it aside. 1 Str. 20. If there be a *capias* against several executors and a *non est inventus* as to one and *cepi* as to the others, there may be judgment against all, but this is by reason of the Statutes, 9 Edw. III [c. 3, 1335], and 25 Edw. III [St. 5], c. 17 [1351]. If the judgment is bad or variant from the *scire facias* it cannot be amended because there may be such a judgment as the *scire facias* recites. Salk. 52. Each executor may plead severally, and the plea best for the testator's estate shall be received, but this cannot be done if one can confess judgment against the others. One executor is not chargeable with the *devastavit* of another, 2 Bac.Abr. 399; but if one can confess judgment against another, he may be obliged to pay it though he never had assets.

The counsel for the plaintiff said that the question before the Court was not whether the judgment confessed against the executors was good against all, but simply whether there was such a judgment. That upon the issue of *nul tiel record* it was a point of fact and not of law the Court was to determine. That the Court were not sitting as a court of error to inquire into the regularity of the judgment below; and that the question was the same before them as it would have been had the issue been tried by the Court of Common Pleas and certainly if the issue were before that court, they could not upon it indirectly avoid one of their own judgments. The principal case relied upon by defendant's counsel, 1 Str. 20, admits the only point which is before the Court because though it shows that a judgment confessed by one executor against others is irregular, yet it admits that a judgment may be so confessed, and here the only question is whether there be such a judgment as recited in the *scire facias* which though bad, is a judgment nevertheless till it be avoided.

PER CURIAM. There is a sufficient record to support the *scire facias*. It is not material whether the judgment be good or bad; in deciding the issue before us we can only inquire whether there be such a judgment as the *scire facias* recites. .

Judgment for plaintiff.